■ In the Matter of the Claim of FRANCIS BECKINSALE, Respondent, v. CHARLES H. GREENTHAL, INC., et al., Appellants, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. AULISI, J. Appeal from a decision of the Workmen's Compensation Board which found appellants solely responsible for disability benefits awarded to claimant under the Disability Benefits Law (Workmen's Compensation Law, art. 9). (Opinion on prior appeal: 27 A D 2d 149.) Section 203 of the Disability Benefits Law (Workmen's Compensation Law, art. 9) setting forth the eligibility requirements for benefits provides that "Every such employee shall continue to be eligible during such employment and for a period of four weeks after such employment terminates but in no event beyond the fifth day of such period on which he performs any work for remuneration or profit". Claimant continued to work week ends for appellant employer after his layoff from Grudin Research on July 17, 1964 until his disability on August 7, 1964. The record of the rehearing before the board panel indicates the board's reliance upon claimant's testimony that he worked "about

eight days" for the appellant employer after his layoff by Grudin Research, or beyond the fifth day specified in section 203; and this precludes the fixing of benefits under subdivision 2 of section 204 of the Disability Benefits Law. (See, also, Board Regulation 105 [12 NYCRR 363.5]). Upon remand, the board properly considered claimant's total wages from all earnings in the eight weeks prior to disability to arrive at an average weekly wage. This allows for an average weekly wage which more fairly represents the claimant's normal earnings and is the method authorized by subdivision d of Board Regulation 109 (12 NYCRR 363.9 [d]), which is similar to the plan followed in section 14 of the Workmen's Compensation Law. Decision affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum decision by Aulisi, J.